```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DEE LAWRENCE DOWNS, | |
| Petitioner, | Civ. No. 21-7326 (NLH) |
| v. | OPINION |
| WARDEN LEMINE N'DIAYE, | |
| Respondent. | |

APPEARANCE:

Dee Lawrence Downs
46528-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

   Petitioner Pro se

HILLMAN, District Judge

   Petitioner Dee Lawrence Downs filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.

Filing Fee

   The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks

to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner submitted a letter indicating he requested the filing fee to be withdrawn from his prison account.  ECF No. 1-1.  The Court has not received the fee.  The Court will administratively terminate the petition pending receipt of the filing fee and instruct the Clerk to reopen the matter upon receipt of the fee.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was

An appropriate Order will be entered.

Dated: April 9, 202                        s/ Noel L. Hillman
At Camden, New Jersey                      NOEL L. HILLMAN, U.S.D.J.

---

originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

3