```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
DEE LAWRENCE DOWNS,                 :
                                    :
          Petitioner,               :   Civ. No. 21-7326 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN LEMINE N'DIAYE,              :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Dee Lawrence Downs
46528-066
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Elizabeth Pascal, Assistant United States Attorney
Office of the U.S. Attorney
District Of New Jersey
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Dee Lawrence Downs, a convicted and sentenced federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 asking to be released to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020). ECF No. 1.

Respondent United States opposes the § 2241 petition, arguing that Petitioner failed to exhaust his administrative remedies and is otherwise ineligible for home confinement. ECF No. 8. For the reasons that follow, the Court will dismiss the petition as unexhausted. The accompanying motion for counsel shall be denied.

I.  BACKGROUND

Petitioner pled guilty to attempted possession with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846. Judgment of Conviction, United States v. Downs, No. 2:13-cr-0067 (E.D. Pa. Nov. 20, 2014) (ECF No. 43).[1] The trial court sentenced him to a total of 120 months followed by one year of supervised release. Id.  Respondent indicates Petitioner's projected release date is September 13, 2023. ECF No. 8 at 10.

On March 30, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 requesting immediate release to home confinement under the CARES. He also argues prison officials have been retaliating against him by misstating his eligibility for release under the First Step Act ("FSA"). ECF No. 1 at 3. He requests the appointment of counsel under 18 U.S.C. § 3006A. ECF No. 2.

---

[1] The Court takes judicial notice of the filings in Petitioner's criminal case.

Respondent asserts the petition should be dismissed for failure to exhaust or on the merits because Petitioner is not otherwise entitled to release. ECF No. 8.

## II. STANDARD OF REVIEW

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The Court has jurisdiction over the petition and venue is proper in this District pursuant to 28 U.S.C. § 2241 because Petitioner challenges the execution of his federal sentence and is confined in this District.[2]  Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

## III. ANALYSIS

Respondent argues the § 2241 petition should be dismissed for failure to exhaust the Bureau of Prisons' ("BOP") administrative remedy procedures. "Although there is no statutory exhaustion requirement attached to § 2241, we have

---

[2] Petitioner also filed a one-paragraph document captioned as a "motion to find grounds for jurisdiction." ECF No. 7. The motion refers the Court to Petitioner's brief in support and states "[t]he 3rd Circuit has certainly found that an inmate housed in a District Courts jurisdiction establishes grounds for a 2241 to be heard." Id. at 1. This motion was unnecessary as it addresses an issue briefed by the parties and one the Court takes pains to address independently in any case. As the Court finds that it has jurisdiction but will dismiss on exhaustion grounds, the Court will dismiss this motion as moot.

consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Petitioner filed Administrative Remedy No. 1051818 on October 8, 2020 requesting release under the CARES Act. ECF No. 8-3 at 23; see also 28 C.F.R. § 542.14. The Warden of Fort Dix denied the request on October 13, 2020. ECF No. 8-3 at 23. Petitioner appealed the decision to the Northeast Regional Office on November 3, 2020. Id. at 24; 28 C.F.R. § 542.15(a). According to BOP Paralegal Specialist Robin Summers, "That request was deemed denied because the time to answer passed on January 2, 2021." Declaration of Robin Summers ("Summers Dec."), ECF No. 8-3 ¶ 6; see also 28 C.F.R. § 542.18. Respondent asserts there is no record that Petitioner appealed the denial to the BOP General Counsel. Id. "Appeal to the

4

General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

The record does not support Petitioner's assertion that he has "already exhausted his BOP remedies" since there is no record of an appeal to the General Counsel. Petitioner did not respond to the BOP's claim that he failed to file an appeal; instead, he asserted in his initial filing that "[e]xhaustion in this instance would be futile. Futility can occur when administrative review will not meet any of the goals of the exhaustion doctrine." ECF No. 1 at 3. "Exhaustion is certainly futile in Down's case, because the Unit Team has done everyone in their power to block Down's transition to Home Confinement through the 'CARES' Act which is utterly intolerable in a civilized society." Id. (citing Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020)).

There is no support for Petitioner's conclusory allegation that it would be futile to exhaust his administrative remedies. "[E]xhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals . . . ." Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (internal quotation marks omitted); see also Black v. Ortiz, No. 18-CV-11823, 2021 WL 100266, at *4 (D.N.J. Jan. 12, 2021)

5

(citing cases).  As such, Petitioner has failed to exhaust his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice ...." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  The Court concludes there is no prejudice to dismissing on exhaustion grounds because Petitioner is not otherwise entitled to the requested relief.  Pre-release placement decisions, such as transfers to home confinement, are committed to the BOP's sole discretion.  18 U.S.C. § 3624(c)(2); see also Prows v. Fed. Bureau of Prisons, 981 F.2d 466 (10th Cir. 1992) (holding prerelease custody statute does not bestow upon federal inmates an enforceable entitlement to any particular form of prerelease custody and provides merely an authorization, rather than a mandate, for nonprison confinement.").  The CARES Act did not remove that discretion. It only gave the Attorney General the authority to expand the class of inmates that can be released on home confinement under 18 U.S.C. § 3624(c)(2).  See Furando v. Ortiz, No. CV 20-3739, 2020 WL 1922357, at *2 (D.N.J. Apr. 21, 2020) ("Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months.").

In short, the plain text of the CARES Act does not require the BOP to release all at-risk, non-violent inmates.

There is no support in the record for Petitioner's argument that the BOP's decision was retaliatory in nature, which the Court interprets as an argument that the BOP abused its discretion.  On April 13, 2021, the BOP issued a new memorandum regarding home confinement.  Declaration of Case Management Coordinator James Reiser ("Reiser Dec.") ECF No. 8-1 ¶ 22.  "The main updates in terms of inmate eligibility, is now, inmates with Low PATTERN recidivism risk scores are now eligible, and inmates with 300 or 400-series incident reports in the last twelve months may be considered."  Id.  Petitioner has a low PATTERN score and "a disciplinary history, including a recent [November 19, 2020] Greatest Severity Offense for Possessing a Hazardous Tool (a 100 series offense).  Because of his past serious discipline, the Petitioner is not eligible for CARES Act home confinement."  Id. ¶ 23; ECF No. 8-2 at 13.  Petitioner does not dispute this and only asserts retaliation is obvious because his case manager misstated his PATTERN score and criminal history in May 2020.  ECF No. 1 at 3.  The Court finds that Petitioner has not shown that the BOP has abused its discretion in denying him release to home confinement.

7

Therefore, Petitioner will not be prejudiced if his petition is dismissed for lack of exhaustion.[3]

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust. The motion for appointment of counsel shall be denied, and the motion to find jurisdiction is dismissed as moot.

An appropriate order will be entered.

Dated: November 2, 2021      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

[3] The Court further notes that Petitioner has a motion for compassionate release under the CARES Act pending before the sentencing court. Minutes of Proceedings, Downs, No. 2:13-cr-0067 (E.D. Pa. Oct. 18, 2021) (ECF No. 86).